IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JAMES MCALLISTER,

      Petitioner,

   v.

MICHAEL JOHNSTON,
 Colonel, United States Disciplinary Barracks,

      Respondent

Case No. 21-3225-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. On November 22, 2021, respondent filed a motion to dismiss. Petitioner did not respond. On December 29, 2021, the court entered an order directing petitioner to show cause on or before January 12, 2022, why the motion to dismiss should not be granted as unopposed. Petitioner did not respond.

### Factual Background

Petitioner filed this petition on September 16, 2021, while incarcerated in the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). He sought habeas corpus relief, claiming that the former Commandant of the USDB violated 10 U.S.C. § 72 during the revocation of his supervised release.

The court entered an order to show cause on September 20, 2021. On November 22, 2021, the present Commandant granted petitioner's release on the ground that his sentence had expired.

### Discussion

Respondent moves for the dismissal of this matter on the ground of mootness.

Section 2241(c) generally provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless" the petitioner is "in custody." 28 U.S.C. § 2241(c). However, a prisoner's release from custody does not necessarily render the prisoner's habeas corpus petition moot. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968). Rather, a petitioner may proceed in a pending habeas action following release if he identifies "collateral consequences" that present "disabilities or burdens [which] may flow from petitioner's conviction." *Id*. (quotations omitted). The core inquiry is whether the petitioner can show collateral consequences that meet the injury-in-fact requirement of Article III. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In *Spencer*, the petitioner challenged a parole revocation proceeding but did not attack the underlying conviction. 523 U.S. at 5. Upon his release from the parole violator term, the Supreme Court considered whether his release rendered the action moot and concluded that the "presumption of collateral consequences which is applied to criminal convictions" does not apply to revocations of parole. *Id*. at 8.

The court has considered the record and concludes that no collateral consequences remain following petitioner's release from confinement. The court will dismiss the action.

THE COURT THEREFORE ORDERS that respondent's motion to dismiss this matter as moot (Doc. 6) is granted.

IT IS SO ORDERED.

Dated: January 24, 2022                S/ John W. Lungstrum
                                                              JOHN W. LUNGSTRUM
                                                              UNITED STATES DISTRICT JUDGE